# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

KARL MITCHELL, *et al*,

              Plaintiffs,

vs.

NYE COUNTY, NEVADA, *et al*,

              Defendants.

2:20-cv-00086-APG-VCF

**<u>ORDER</u>**

MOTION TO STRIKE [ECF NO. 66]; MOTION TO EXTEND TIME [ECF NO. 67]

Before the Court is defendants Nye County, Harry Williams, Susan Ryhal, and Sharon Wehrly's (the "Nye County Defendants") motion to strike.  (ECF No. 66). Also before the Court is the plaintiffs' Karl and Kayla Mitchell's (the "Mitchells") motion to extend time (ECF No. 67). The Nye County Defendants' motion to strike is denied and the plaintiffs' motion to extend time is granted.

## I.      Background

The Court previously granted the Mitchells' motion for leave to file an amended complaint: the Court ordered the Mitchells to file their amended complaint by September 21, 2020. (ECF No. 58 at 1). The Court also noted that the defendants did not oppose plaintiffs' motion for leave to file an amended complaint. (*Id*., citing to ECF No. 56).  Plaintiffs filed their amended complaint late on October 5, 2020. (ECF No. 59). The Nye County Defendants now move to strike plaintiffs' amended complaint because they filed it late. (ECF No. 66). The plaintiffs argue in their motion for an extension of time to file their amended complaint, and in their response to the motion to strike that, "embarrassingly, Attorney Newvine realized the order setting time for the discovery plan also set a time for filing of the Amended Complaint and that the deadline was inadvertently overlooked." (See ECF Nos. 67 and 68 at 3). Attorney Newvine also notes that she moved offices and hired a new paralegal that week; she notes that

1

the defendants waited until October 19, 2020 to file their motion to strike. (*Id.*) Plaintiffs also argue that the new defendants will not be prejudiced because they waived service and that their responsive pleading is not due until December 4, 2020. (*Id.* at 4).

The Nye County Defendants argue in their one paragraph reply that if the Court finds that plaintiffs' have shown good cause to file their amended complaint late that they should be entitled to 14 days additional time to respond to the amended complaint calculated from the date of this Court's decision. (ECF No. 69 at 2). In the Nye County Defendants' response to plaintiffs' motion to extend time that they should be entitled to fees for responding to plaintiffs' late motion to extend time. (ECF No. 70 at 1).

## II.    Analysis

This Court has the inherent power to strike material from the docket to control litigation conduct and to supervise the contents of that docket. *Ready Transp., Inc. v. AAR, Mfg.*, 627 F.3d 402, 404-05 (9 Cir. 2010). Federal Rules of Civil Procedure Rule 6(b)(1)(B) states that the court may, for good cause, extend the time…on [a] motion made after the time has expired if the party failed to act because of excusable neglect. The determination of what conduct constitutes "excusable neglect" under Rule 6, "and similar rules 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111 (9th Cir. 2011), citing to *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The *Pioneer* factors are (1) whether the delay in filing was within the reasonable control of the movant; (2) the length of the delay and the delay's potential impact on judicial proceedings; (3) the danger of prejudice to the non-moving party; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

Plaintiffs' delay in filing was within their reasonable control, but the length of the delay and the delay's potential impact on judicial proceedings weighs in favor of the plaintiffs since they filed the

amended complaint ten business days late and this minimal delay will not impact the proceedings. There will be no prejudice to the Nye County Defendants because they now have additional time to respond to the amended complaint. The plaintiffs admitted that their attorney made a mistake: Attorney Newvine took responsibility for the mistake (i.e. she did not blame the mistake on her paralegal) but rather explained that part of the reason for Attorney Newvine's error was that she did not read the order carefully due in part to the fact that she had a busy week moving into a new office and hiring a new paralegal. Attorney Newvine's explanation supports a finding that the plaintiffs acted in good faith when they filed the amended complaint late. Courts prefer to decide cases on the merits and the *Pioneer* factors guide the courts to act equitably. The Court finds that good cause exists to extend the time for the plaintiffs to file their amended complaint because they filed it late due to excusable neglect.

The Court notes that the Nye County Defendants have not filed a responsive pleading to the plaintiffs' amended complaint and that the time to do so has passed. The Court grants defendants' request for an additional 14-days to file a responsive pleading from the date of this Order. The Nye County Defendants have until Wednesday, December 2, 2020 to file an answer or a responsive pleading. The Court denies the Nye County Defendants' request for attorneys' fees.

Accordingly, and for good cause shown,

IT IS ORDERED that the Nye County Defendants' motion to strike (ECF No. 66) is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to extend time (ECF No. 67) is GRANTED.

IT IS FURTHER ORDERED that the Nye County Defendants have until Wednesday, December 2, 2020 to file an answer or a responsive pleading to the amended complaint.

DATED this 18th day of November 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE